UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:09CV-P194-R

SHAWN L. SHIRLEY                                            PLAINTIFF

v.

BRAD BOYD *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Shawn L. Shirley, a convicted prisoner at the Christian County Jail, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, all claims will be dismissed except for the Eighth Amendment claim of inadequate food portions.

**I.**

Plaintiff sues Christian County Jailer Brad Boyd and Major Steve Howard in their individual and official capacities. He seeks damages and raises three claims.

First, Plaintiff alleges an Eighth Amendment violation based on the amount of food portions that the jail has been feeding inmates. He claims that since the number of inmates has increased, the portions have decreased by half. He claims that "when official's visit food proportions and quality increase."

Second, Plaintiff claims that on October 26, 2009, he was placed in segregation, where Defendants took way his bedding and linens from 6:00 a.m. until 10:00 p.m. each day for three days. He alleges an Eighth Amendment violation.

Finally, Plaintiff alleges that he was denied access to legal counsel and to the law library.  He alleges that Defendants "say we can use the phone to public defenders office on Tuesday's and Thursday's.  But only been able to use once in three months and same with the law library . . . they say they are to[o] busy."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d

478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

**A.    Inadequate food portions**

"[D]eliberate and unnecessary withholding of food essential to normal health can violate the Eighth Amendment." *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir. 1977).  Upon consideration, the Court will allow Plaintiff's Eighth Amendment claim that the jail serves half portions to inmates to proceed against Defendants Boyd and Howard.  In

allowing this claim to proceed, the Court passes no judgment on the ultimate merit of the claim.

**B.      Segregation with restricted bedding**

To sustain an Eighth Amendment conditions-of-confinement claim, an inmate must show that he was deprived of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and that the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

Plaintiff has set forth no facts indicating that he was deprived of "the minimal civilized measure of life's necessities." He has not alleged that he was denied basic human needs during his three-day stay in segregation. *Hudson v. McMillian*, 503 U.S. 1 (1992). While his bedding and linens were taken during the day, they were returned to him for his use at night, and these conditions lasted only three days. *See Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's Eighth Amendment rights by depriving him of a mattress for a two-week period). Moreover, "'[b]ecause placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'" *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)).

Therefore, the Court concludes that Plaintiff has failed to state an Eighth Amendment claim with respect to his placement and conditions in segregation.

4

**C.     Denied Access to counsel and law library**

According to Plaintiff, he has only been allowed to use the phone once in three months to call his public defender and has not been able to access the law library.

Plaintiff has failed to state a constitutional claim. He does not allege that he has been denied access to court or that Defendants' restrictions have "hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, Plaintiff has not alleged that Defendants "caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). Furthermore, Plaintiff does not allege that he is unable to contact his attorney at all or that his attorney is unable to call, mail, or visit him. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *Ingalls v. Florio*, 968 F. Supp. 193, 204 (D.N.J. 1997) ("[L]imited access to telephone calls, however, is not a constitutional violation so long as inmates can communicate with their counsel in writing or in person by visits.").

The Court will, therefore, dismiss Plaintiff's denial-of-access claims.

**IV.**

For the reasons stated more fully above, the Court will allow the Eighth Amendment claim of inadequate food portions at the jail to proceed against Defendants Boyd and Howard. The Court will enter a separate Scheduling Order to govern the development of that continuing claim. All other claims will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Christian County Attorney
4413.005