UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00194-R

**SHAWN L. SHIRLEY**                                                                                    **PLAINTIFF**

v.

**BRAD BOYD, ET AL.**                                                                                   **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the Court upon Defendants' Motion for Summary Judgment (DN 20). Plaintiff has not responded and the time for filing a reply has expired. This motion is now ripe for adjudication. For the reasons that follow, Defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND

Plaintiff Shawn L. Shirley comes before the court under 42 U.S.C. § 1983. Shirley, a prisoner, claims that jail employees Brad Boyd and Steve Howard ("the Defendants") violated his constitutional rights by denying him access to legal counsel and a legal library, by denying him appropriate amounts of food, and by confiscating his bedding and linens for a time.

The basis of Shirley's claims as indicated from his complaint are as follows. Shirley is a prisoner currently housed in the Christian County Jail, located in Hopkinsville, Kentucky. According to the complaint, the size of the meals being served to the inmates at the jail was "decreased by half" because of the increase in the prison population. Shirley alleges that the small portions of food amount to cruel and unusual punishment and thus violate his Eighth Amendment rights. Shirley's complaint further asserts that during his incarceration, he was put into "segregation for punishment where the [Defendants] had [his] bedding and linens taken from [him]." The complaint states that this deprivation was also cruel and unusual punishment.

Finally, Shirley claims that the Defendants have denied him access to a law library housed in the Christian County Jail and obstructed him in contacting public defenders. Although Shirley does not claim which constitutionally protected right this violates, the Court will assume that he is asserting his constitutional right of access to the court system.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

As stated above, the time has passed for Shirley to reply to Defendant's Motion for Summary Judgment. Since the law requires that Shirley present more than a mere scintilla of evidence in support of his position and he has failed to do so, this court must grant the Defendants' Motion for Summary Judgment. *See Hartsel*, 87 F.3d at 799. Notwithstanding his failure to reply, this Court believes that the facts in the complaint do not present an issue of material fact upon which a reasonable jury could find for Shirley.

As the basis for his § 1983 claim, Shirley asserts that the insufficient amount of food at meals and the deprivation of his bed sheets and linens are violations of his Eighth Amendment right to be free from cruel and unusual punishment. The Sixth Circuit has consistently held that for a prisoner "[t]o establish an Eighth Amendment violation, the plaintiff must show that the defendant acted with deliberate indifference to his basic needs." *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009); *see Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001). Deliberate indifference is more than mere negligence; it "requires that the defendants knew and disregarded a substantial risk of serious harm to [the prisoner's] health and safety." *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001).

The unnecessary and deliberate withholding of food "that is essential to normal health can constitute the deliberate indifference to medical needs that violates the Eighth Amendment." *Cardinal*, 564 at 801. In Shirley's complaint however, there is nothing to indicate that the portions of food being served to the prisoners at the Christian County Jail are so small that they would create a substantial risk of serious harm to his health and safety. Nor does Shirley's complaint allege that meals have actively been withheld from him by the Defendants. In regards to Shirley's assertion that depriving him of his bedding and linens comprises cruel and unusual

punishment, the Eighth Amendment does ensure that prisoners receive adequate clothing to guarantee their safety. *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010). However, Shirley has not indicated how the confiscation of his bed sheets and linens for merely a day would impose upon a him a substantial risk of harm. With only these facts before the Court, the Defendants would be entitled to judgment as a matter of law on Shirley's preceding allegations.

Shirley's final claim, that he has been unable to contact public defenders or use the law library, invokes his constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). This fundamental right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id*. For this Court to find that the Defendants have violated Shirley's rights, he must demonstrate "that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. at 351. Shirley's complaint does not allege sufficient facts that would allow a jury to conclude that the Defendants' actions interfered with his efforts to pursue a legal claim. As such, summary judgment on this claim would also be appropriate.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendants's Motion for Summary Judgement is GRANTED.

An appropriate order shall issue.